# McDonnell *v*. The Battle House Company.

*Action for Goods, Wares and Merchandise sold and Delivered.*

1. *Partnership; may be created as to third persons by the reception of profits.* Although one may not have an interest in the capital or property employed in a particular business, yet if he has an interest in the profits of such business, as profits, this will constitute him a partner as to third persons.

2. *Same; contract in this case did not create partnership.*—Where a contract provided that a hotel company should receive one-tenth of the gross receipts of the hotel as rent from their lessee, such participation in the gross receipts did not constitute a partnership between the lessee and the company.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

The facts are sufficiently stated in the opinion of the court.

BOYLES, FAITH & CLOUD, for appellant.

JOHN T. TAYLOR, for appellee.

BRICKELL, C. J.—The facts in this case are, that on the 15th day of August, 1876, the Battle House Company leased to E. H. Rivers & Co., for the term of two years, commencing on the ensuing first day of October, the hotel situate in the city of Mobile, known as the *Battle House*, and for rent was to be paid monthly ten per cent. of the gross receipts from the keeping of the hotel, and its appurtenances. The company were to select and employ at their own expense, a competent book-keeper, who was acceptable to the lessees, by whom he was to be furnished with board and lodging, and he was to render monthly to the company, and to the lessees, a statement of the gross receipts; paying to the company ten per cent. thereof. On the 1st of June, 1877, the lease, with the assent of the company, was transferred to Moses J. Mason. On the 10th February, 1878, by verbal agreement were the mode of paying rent was changed, so that as money was received, ten per cent. thereof was set apart and paid over daily, instead of monthly. After 10th February, 1878, Mason purchased from the appellant McDonnell, supplies which were used in keeping the hotel during the term of the lease, and the purpose of this suit is to recover for them of the appellee. There are objections made to some of the instructions given by the City Court upon the ground that they were misleading, or invaded the province of the jury. If the instructions are in this respect objectionable, it is not of importance, if on the undisputed facts, there is, or is not, a right of recovery; and that is the only question we deem it necessary to consider.

It is not assumed that the company and its lessees, intended the formation of a partnership, or intended to conduct jointly the business of keeping the hotel. The only relation they contemplated was that of lessor and lessee, of landlord and tenant, and the payment of ten per cent. of the gross receipts of the business as rent, as compensation for the use and occupation of the premises. The argument is, that by construction of law, as to third persons, as there was a community of interest in the gross receipts of the business, the parties sustained the relation of partners, although as between themselves there is only the relation of landlord and tenant. It is sometimes true, that contrary to their intention, persons become partners as to third persons dealing with them, when they do not intend to form that relation. This occurs in that large class of cases, when there may not be a community of interest in the property or capital employed in a particular business ; yet, one of those engaged in it has a specific interest in the profits of the business, *as profits,*—a clear right to participate in the *net profits*. This,

[Clark v. Colbert et al.]

by construction of law, creates a partnership, for the reason, as was said by De Grey, C. J., that "every man who has a share of the profits of a trade ought also to bear his share in the loss. And if any one takes part of the profits, he takes part of that fund on which the creditor of the trader relies for payment."—*Grace v. Smith*, W. Black, 998. But a community of interest in the profits—the *net profits*, as such, is essential to a partnership. Community of interest is the basis of the relation.—Collyer on Part. 44; Parsons on Part. 41; *Loomes v. Marshall*, 12 Conn. 77; *Moore v. Smith*, 19 Ala. 780. When there is no community of interest in the *net profits*, and no such dealing as induces others to rely upon them as partners, whatever may be the relation of parties, they are not partners as between themselves, or as to third persons.

In this case, as rent the Battle House Company were entitled to one-tenth of the gross receipts of the business. In no event was it liable for any losses which might ensue, nor was the profit of the business a matter of concern to it. Whether profits were being derived was not an inquiry they could make at any time during the lease. The books abound with cases, much stronger than the present, in which it has been held that mere participation in the *gross profits* of a business did not create a partnership. There is no error prejudicial to the appellant in any of the rulings of the City Court.

Affirmed.