(81 South. 197)

VAN DERVEER et al. v. STRICKLAND BROS. MACH. CO. (6 Div. 497.)

(Court of Appeals of Alabama. Jan. 14, 1919. Rehearing Denied Feb. 4, 1919.)

1. PARTNERSHIP ⬤══32—EXISTENCE OF RELATION—THIRD PERSONS.

Where owner of tract of land entered into joint adventure with another to cut and manufacture into lumber all timber on land, a third person being hired to operate mill, a partnership existed between joint adventurers so far as rights of persons furnishing supplies to mill were concerned.

2. PRINCIPAL AND AGENT ⬤══101(4)—AUTHORITY TO HAVE REPAIRS MADE.

Employment with full authority to set up and operate ,a sawmill necessarily carries with it authority to have the necessary repairs made to keep the sawmill in running condition.

3. PRINCIPAL AND AGENT ⬤══147(2)—SCOPE OF APPARENT AUTHORITY—DUTY TO INQUIRE AS TO ACTUAL AUTHORITY.

A party furnishing materials for a sawmill having ascertained the .apparent authority with which the owners had clothed the agent ordering the supplies, is under no further obligation to inquire into the agent's actual authority when dealing in good faith.

4. PRINCIPAL AND AGENT ⬤══99 — IMPLIED AUTHORITY—COURSE OF BUSINESS.

In the conduct of his principal's business the agent has implied authority to do that which the nature of the business would demand in its due and regular course.

5. ESTOPPEL ⬤══72—INJURY BETWEEN INNOCENT PARTIES.

He who without intentional fraud has enabled any person to do any act which must be injurious to himself or to another innocent party shall suffer the injury rather than the innocent party who has placed confidence in him.

6. APPEAL AND ERROR ⬤══1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where partnership existed between two defendants sued for supplies furnished a mill, admission of evidence that one partner's general agent, who had authority to bind him, received instructions as to purchases from other would be harmless error.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Assumpsit by Strickland Bros. Machine Company against Joseph P. Van Derveer and A. R. Aldridge and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts sufficiently appear. The following charges were requested and given for the plaintiff:

Assignment 3. When a third party, in dealing with an agent, has ascertained the apparent authority with which the principal has clothed the agent, he is under no further ob-

ligation to inquire into the agent's actual authority, and in such case a party dealing with the agent in good faith, relying upon the apparent authority with which the principal has clothed the agent, in the exercise of reasonable prudence is protected by the law as to all contracts made by him with such agent within the scope of the apparent authority of such agent.

Assignment 4. He who without intentional fraud has enabled any person to do any act which must be injurious to himself or to another innocent party shall suffer the injury rather than the innocent party who has placed confidence in him.

Assignment 5. In the conduct of the business of the principal the agent has implied authority to do that which the nature of the business would demand in its due and regular course.

The last assignment of error is that:

The court erred in refusing to exclude from the evidence the answer of the witness Snyder to the following question: "And the purchases that were made by you were made through and pursuant to instructions received from Mr. Van Derveer?" The witness' answer being, "Yes, sir."

Brown & Ward, of Tuscaloosa, and Middleton & Reynolds, of Clanton, for appellants. Edward De Graffenried, of Tuscaloosa, for appellee.

BROWN, P. J. This is an action by appellee against appellant Aldridge and others, on account for goods, wares, and merchandise furnished and work and labor done, the trial resulting in a verdict and judgment against the appellant and Aldridge. The evidence shows that Aldridge owned a large body of timber land in Tuscaloosa county, and appellant owned a sawmill; that they entered into a joint adventure, under a written agreement, by the terms of which appellant sold to himself and Aldridge, for the purpose of carrying out their joint enterprise, the sawmill, at an agreed price to be paid out of the proceeds of the business, and when so paid the mill "and such additional machinery as may have accrued" was to be the property of appellant and Aldridge.

[1, 2] The purpose of the enterprise was to cut and manufacture into lumber all the timber on the Aldridge tract. Aldridge was to be paid $2 per thousand as stumpage, and the net profits, after paying the expense incident to cutting the timber and manufacturing it into lumber, was to be equally divided between appellant and Aldridge. Snyder was employed to set up and operate the mill, and was to be paid for his services $8 per thousand for all lumber cut by the mill. The undisputed evidence shows that Snyder had full authority to direct the operation of the mill and to keep it going; Aldridge was to supervise the cutting of the timber and see

that all merchantable timber was cut, and appellant was to market the products of the mill.

On the principles announced in McDonnell v. Battle House Co., 67 Ala. 90, 40 Am. Rep. 99, and Quarles v. Kendrick Merc. Co., 79 South. 160,[1] the last-cited case being reviewed by the Supreme Court in 79 South. 304, so far as the rights of appellee are concerned, a partnership existed between Van Derveer and Aldridge, and they were liable in this case as such, if the merchandise made the basis of the account was furnished at their instance or at the instance of their duly authorized agent. There was no dispute as to the fact of Snyder's employment, nor as to the fact that he had full authority to set up and operate the mill; this necessarily carried with it authority to have the necessary repairs made to keep it in running condition. It was also shown without dispute that the parts furnished by plaintiff at the instance of Snyder and Aldridge were necessary to keep the mill going. Therefore the appellant was not entitled to the affirmative charge on the theory that the evidence did not tend to show his liability, and the question of variance was not raised as required by Rule 34, Circuit Ct. Practice, 175 Ala. xxi; Woodward Iron Co. v. Steel, 192 Ala. 538, 68 South. 473. Nor is the point insisted on here. However, see Redmond & Co. v. L. & N. R. R. Co., 154 Ala. 311, 45 South. 649; McAnally v. Hawkins Lumber Co., 109 Ala. 397, 19 South. 417.

[3, 4] The charges made the bases of the third and fifth assignments of error assert correct propositions of law. K. C., M. & B. R. R. Co. v. Higdon, 94 Ala. 286, 10 South. 282, 14 L. R. A. 515, 33 Am. St. Rep. 119; Gilliam v. Sou. & No. Ala. R. R. Co., 70 Ala. 268; Wheeler v. McGuire, Scoggins & Co., 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; 21 R. C. L. 854, § 34.

[5] The charge made the basis of the fourth assignment of error asserts an elementary proposition of the law of equitable estoppel.

[6] It is conceded in argument that Snyder was the general agent of Aldridge, and that Aldridge was properly held liable, and on the principles declared above, Snyder was likewise the general agent of the partnership, with full authority to set up and operate the mill, and make such repairs thereon as were necessary to keep the mill in reasonable repair. Therefore the ruling of the court on the objection to the question to the witness Snyder, made the basis of the last assignment of error, if error, was clearly without injury.

When the evidence is viewed in the light of the written contract between appellant and Aldridge, and the writings subsequently executed in disposing of the property to Messa, and the explanation by the appellant that the letters offered in evidence were his personal act, and that the name of the Pine Tree Lumber Company was inadvertently signed thereto, we think it is clear that that concern was in no way connected with the transaction, and we think it is equally as clear that Aldridge and appellant, and especially appellant, received full benefit of the property for an amount greatly in excess of what it was considered worth before the parts were placed on the mill. 21 R. C. L. p. 904, § 81. The motion for new trial was properly overruled.

We find no reversible error in the record. Affirmed.