(90 South. 913)

**BARKSDALE v. BANKS.** (7 Div. 215.)

(Supreme Court of Alabama. Oct. 27, 1921.)

1. Sales ⬅202(2, 3)—Facts held to show sale was for cash represented by check.

Evidence that plaintiff offered to sell his mules for cash, and that when a prospective buyer tendered a check for the price he refused to accept it until assured by others that the check was good, shows that the sale was for cash and that delivery was conditioned upon the check being honored.

2. Sales ⬅202(4)—Title does not pass where delivery is conditioned on payment.

Though title to chattels is transferred when the seller makes delivery with intention to pass title, even if the sale was procured by fraud, no title passes where delivery and payment were intended to be concurrent acts, even though possession is transferred to the buyer before payment.

3. Sales ⬅234(8)—Seller parting with possession on condition of payment in cash on dishonor of check can recover goods from innocent purchaser.

Where the seller parted with possession of goods with the intention that the sale was to be for cash and that title was not to pass until the check for the purchase money was honored, he can, after the dishonor of the check, recover the goods even from an innocent purchaser.

4. Sales ⬅225(4)—Bogus checks given in payment of purchase money held admissible.

In detinue to recover from a subsequent purchaser two mules which plaintiff sold for

cash· and delivered on receiving a check which he was told was good but which in fact was bogus, the check with the indorsements thereon was admissible in evidence.

**5. Sales ⬦⟹225(4)—Sufficiency of protest of admittedly bogus check is immaterial.**

Where it was admitted that the check given for the purchase of plaintiff's property was bogus, it was immaterial, in an action to recover the property, whether the protest was in proper form.

**6. Sales ⬦⟹225(4)—Evidence of authorship of bogus check for purchase money is admissible.**

In detinue to recover two mules sold for cash and delivered on receipt of a check, where it was undisputed that the buyer was introduced to plaintiff under an assumed name by those who intended thereby to secure the mules from plaintiff, evidence that one of those who introduced the buyer wrote ·out the check given for the purchase money was admissible.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Detinue by W. G. Banks against W. S. Barksdale for the recovery of two mules. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

The check was not sufficiently protested. Section 5101, Code 1907. Barksdale was an innocent purchaser, and the court erred in giving the affirmative charge for the plaintiff. 44 South. 201; 167 Ala. 639, 52 South. 401; 117 Ala. 285, 23 South. 6; 108 Ala. 629, 18 South. 688.

Motley & Motley, of Gadsden, for appellee.

The check should not be considered, as it is not properly identified. 17 Ala. App. 62, 81 South. 840. It affirmatively appears that the bill of exceptions does not contain all the evidence, and the court will not reverse. 159 Ala. 637, 48 South. 691; 132. Ala. 264, 31 South. 78; 128 Ala. 633, 29 South. 586. The court properly directed the verdict for the plaintiff. 136 Ala. 261, 33 South. 873, 96 Am. St. Rep. 25; 87 Ala. 325, 6 South. 93; 116 Mo. 568, 22 S. W. 813, 38 Am. St. Rep. 615; 62 Ala. 437; 35 Cyc. 327–330; 57 Or. 24, 102 Pac. 799, 110 Pac. 398, 29 L. R. A. (N. S.) 709.

GARDNER, J. Appellee was en ,route from Georgia to Athens, Ala. He had with him two mules which he. wished to sell, and to that end, upon reaching Attalla, Ala., applied to some men in charge of a livery stable at that place. They did not care to purchase, but stated they would find him a purchaser and introduced one Frost in the name of Williams. The price was agreed, and

that the sale was to be for cash is without dispute. A check was given in the name of Williams, payable to appellee, on the bank of Collinsville. Appellee expressed some doubt, and required of those present recommendations as to the drawer of the check, and as to whether or not there were funds. He was assured as to the matter, and took the check and deposited it in his home bank at Athens on Monday; the check being dated the Saturday preceding, and delivered after banking hours. The check was not honored, and upon investigation it developed that appellee had been the victim of a fraudulent scheme on the part of the purchaser of his mules, and those at the stable; that the name of "Williams" was fictitious, and the true name of the supposed purchaser was Frost, who testifies in the case and admits the fraud. Appellee promptly sought recovery of his mules, and found them in the possession of appellant, who had purchased them from the livery stable men (at whose stable they had been left) during the few intervening days, and this suit in detinue follows. Upon the trial the court gave the affirmative charge with hypothesis for the plaintiff, and from the judgment following the defendant prosecutes this appeal.

[1, 2] There can be no question from the uncontradicted proof in this case that the sale was for cash, and payment attempted to be made by a bogus check. Delivery of the mules was made with the understanding that the check represented cash, and such delivery was therefore conditioned upon the check being honored. As pointed out in·the authorities, there is a distinction between a sale induced by fraud in which the vendor, being ignorant of the fraud, transfers both the title and possession so that an innocent purchaser from the vendee may acquire a good title, and those cases in which the vendor does not intend to part with the title until the price is paid; delivery and payment being concurrent acts. In the latter case, although the goods may be delivered to the vendee, yet, without payment, no title will pass. Where the payment of the. purchase price is expressly or impliedly a condition precedent to the passing of title, the delivery is considered conditional, and, payment being refused, the vendor may reclaim his goods.

We are not concerned in the present case with any question of waiver of immediate payment treated in some of the authorities, as nothing of that character is here presented.

The principle here involved is discussed in Moore & Co. v. Robinson, 62 Ala. 537, and Harmon v. Goetter-Weil & Co., 87 Ala. 325, 6 South. 93. The case of Hickey v. McDonald, 151 Ala. 497, 44 South.,201, 13 L. R. A. (N. S.) 413, represents that class of cases

in which there was fraud, but nevertheless an evident intent on the part of the vendor to part with both the title and possession. The case of Johnson v. Iankovetz, from the Supreme Court of Oregon, 57 Or. 24, 102 Pac. 799, 110 Pac. 398, 29 L. R. A. (N. S.) 709, bears close analogy to that here under consideration, and the note thereto discloses that the holding is supported by the great weight of authority. The concluding paragraph of that opinion is directly applicable to the conclusion which we have reached in the instant case as follows:

"In the present case every circumstance tends to show that the vendor did not waive immediate payment of the price of the goods. The purchaser was a stranger to him, and there was no intention to deliver the goods upon his credit, but plaintiff expected to receive the cash upon the presentation of the check, and evidently would not have parted with the goods otherwise. The delivery was conditional, and defendant acquired no title."

[3] The authorities disclose that under such circumstances the vendor, in the absence of laches, waiver, or estoppel, may reclaim the goods from a subsequent purchaser although purchasing bona fide for value.

The evidence being without conflict, the court committed no error in giving the affirmative charge with hypothesis for the plaintiff.

[4-6] The check was of course properly offered in evidence, as well as all indorsements thereon. As to whether or not the protest was in proper form was immaterial, as it was without dispute that it was not honored and was in fact a bogus check. These assignments of error are therefore clearly without merit. So, also, it was entirely proper in offering proof of the transaction to show that one Henderson wrote out the check under the direction and at the request of Frost.

There is no error in the record, and the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.