**33 So.2d 6**

### MOORE v. LONG.

### 4 Div. 463.

Supreme Court of Alabama.

Dec. 18, 1947.

Smith & Smith, of Phenix City, for appellant.

48

W. R. Belcher, of Phenix City, for appellee.

FOSTER, Justice.

The question on this appeal is whether the trial court erred in giving charges 1 and 2 for respondent who was the defendant in that court.

The plaintiff sued defendant in count 1 for the recovery of personal property, and in count 2 for the conversion of that same property.

Plaintiff, residing in Atlanta, sold the property to one Merritt, residing in Lafayette, Alabama, who sold it to defendant, residing and doing business in Phenix City, Alabama. It was carried directly to defendant by the carrier at Merritt's direction.

Plaintiff offered evidence tending to show that it was a cash transaction in his deal with Merritt, and that Merritt was to pay him then and there. The goods came by truck to Atlanta, were not unloaded there, but the same truck carried them on at Merritt's instance to defendant at Phenix City, Alabama.

Merritt did not deny that it was a cash transaction, but claimed that on the morning when the loaded truck reached Atlanta, he had a man (Eason) there, by whom he sent the cash to pay plaintiff, and that he did pay plaintiff the cash. That was on Saturday, October 12th. On Sunday, October 13th, plaintiff and his wife set out to see about the matter, and went to Lafayette, but did not find Merritt, but did find Eason, who handled the transaction for Merritt in Atlanta, and told them where the goods went. Having found out from him that they went to defendant at Phenix City, and went then to see him.

Plaintiff's evidence tended to show that they found defendant with the goods, and he claimed that he bought them from Merritt, and paid him $4,000 in cash, and $3,000 by check, on which he agreed to stop payment. Defendant claimed he had already stopped payment because the money was paid and check given before he checked up the goods and found that they did not show up as he supposed. He denied that he received, or had possession of all the goods claimed by plaintiff in his complaint. (Merritt has a suit against defendant Long on the check.)

The issue was squarely made whether Eason paid plaintiff $6,670 cash in Atlanta, in full for the goods. There was no contention but that the purchase price was to be paid in cash. Plaintiff claiming that by Eason representing that Merritt was in Atlanta, and would immediately make payment got an order for the loaded truck to move on as it came into Atlanta, but Merritt was not then in Atlanta, and that no payment was ever made then or thereafter, and the possession was thereby secured in a cash transaction without the cash, and was in effect fraudulent.

The two requested charges direct a finding for defendant if the jury is reasonably satisfied from the evidence that Merritt procured a sale to himself through fraud, and then sold the goods to defendant for a valuable consideration without notice of the fraud.

But a sale of personal property procured through fraud does not always pass the legal title, though possession is delivered to the purchaser.

When a sale is made for cash no title passes to the purchaser until the price is paid unless payment is waived. Harmon v. Geotter-Weil & Co., 87 Ala. 325, 6 So. 93; Shines v. Steiner, 76 Ala. 458; Drake v. Scott, 136 Ala. 261, 33 So. 873, 96 Am.St. Rep. 25; Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292; Barksdale v. Banks, 206 Ala. 569, 90 So. 913.

It is well settled in Alabama that where one purchases chattels from another not the legal owner thereof, such purchaser acquires no better title than his seller had although he purchases without notice of the infirmity, and for a valuable consideration. Bennett and Co. v. Brooks, 146 Ala. 490, 41 So. 149; Barrow v. Brent, 202 Ala. 650, 81 So. 669; Barksdale v. Banks,

supra; Hyatt v. Reynolds, 245 Ala. 411(9), 17 So.2d 413; Title 57, section 29, Code of 1940.

■ This situation is to be distinguished from one where a sale was procured by fraud with an intent on the part of the vendor to part immediately with both the title and possession with payment of the price deferred by mutual agreement.

In the case of Barksdale v. Banks, supra, the Court noted such distinction, and applied the rule that a purchaser from a vendee is not protected if the sale to the vendee was for cash, which was never paid. The cases on the other hand which protect the purchaser when by the sale it was intended to pass the title, though it was procured by fraud, are McBride v. Kyle, 207 Ala. 273, 92 So. 455; Hickey v. McDonald, 151 Ala. 497, 44 So. 201, 13 L.R.A.,N.S., 413; Wilk v. Key, 117 Ala. 285, 23 So. 6; Peterson v. Steiner, 108 Ala. 629, 18 So. 688; Robinson v. Levi, 81 Ala. 134, 1 So. 554.

■ The distinction hinges on the issue of whether the legal title passed to the first purchaser. Sometimes the fraud is such as that title does not pass as by procuring possession on a cash transaction without paying cash, and sometimes the fraud is such as that though the title passes it may be set aside, as when there is a fraudulent misrepresentation or fraudulent concealment by the buyer of his ability to pay on a credit transaction. Wilk v. Key, supra; Peterson v. Steiner, supra; Robinson v. Levi, supra; Title 57, section 30, Code: See, 55 Corpus Juris 626, 627.

Those charges would require a verdict for defendant, though the jury should find that the transaction was a cash sale to Merritt, to be presently paid, and that he acquired possession without payment of the cash in the exercise of a fraudulent purpose to do so, provided the defendant bought the goods from Merritt and paid value for them without notice that Merritt did not have the title.

We think there was reversible error in giving them.

Reversed and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.