42 So.2d 266

## J. L. McCLURE MOTOR CO. v. McCLAIN.

### 7 Div. 6.

Court of Appeals of Alabama.

Oct. 5, 1949.

Edwin B. Livingston, of Sylacauga, and Wm. S. Duke, of Montgomery, for appellant.

C. W. McKay, of Ashland, for appellee.

HARWOOD, Judge.

The trial below, had before the court without a jury, was on a count claiming damages for the conversion by the defendant of plaintiff's automobile. The court rendered a judgment in favor of the plaintiff, and assessed damages at $850.00. From such judgment the defendant perfected his appeal to this court.

James McClain, the plaintiff below, appellee here, resided in Ashland, Alabama. On June 22, 1948 he drove his automobile to Montgomery for the purpose of selling it. At the auction lot he met several acquaintances, among them Newman Davidson. Davidson introduced McClain to a man named W. T. Harris, telling Harris that McClain wanted to sell his automobile. In a three cornered conversation between McClain, Davidson, and Harris, the plaintiff, McClain, told Davidson and Harris he would take $950.00 for his automobile. Harris refused this offer, and countered with an offer of $800.00. Then, according to the plaintiff:

"I told him I owed $229.80 on the car; that I owed something on my home, and I wanted to sell the car to pay off my debts, and if I hadn't owed something I wouldn't have sold the car as cheap as I did; that I would sell for $850.00.

\* \* \* \* \* \*

"Yes, I told Mr. Harris, I says, 'I will take $850.00 in order to pay my debts off, and pay the balance on the car (which was $229.80), provided the check is all right and you give me the money.' He says 'I ain't got the money, the check is as good as money.' "

At this point Mr. Davidson told the plaintiff that Harris' check was good because he had taken checks on him, and had sold Harris a car that day for $1900.00.

The plaintiff then told Harris that he "would take the check because Mr. Davidson said he had one, and he had been transacting business with him and I wanted my money because I had to pay my debts."

Harris then gave plaintiff a check in the amount of $850.00.

At this point it appears that Mr. Davidson left. Harris then presented to the plaintiff a paper which he signed without reading, after being told by Harris that it "was signing the title." This paper was received in evidence and is a printed form of a "Bill of Sale of Motor Vehicle," the blanks being filled in the handwriting of Harris. It acknowledged the receipt of $850.00, and contained general covenants of warranty of title in McClain. After signing the paper the plaintiff delivered his automobile, and tag receipt therefor to Harris.

The following day, June 23, 1948, the plaintiff and Davidson went to the Alexander City bank on which the Harris checks were drawn to cash them. The bank refused to honor the checks because of insufficient funds. An agreement was entered into between the parties to this suit that at the time Harris issued the checks to plaintiff and Davidson his account in the bank was around $25.00.

After payment of the checks was refused plaintiff and Davidson located Harris in Alexander City and demanded their automobiles back. Harris told them they had come too soon, that he planned to sell their cars and put the proceeds in the bank to cover the checks. Upon further insistence that their automobiles be returned Harris gave them an order on a man in LaGrange, Georgia, who he said had the cars, to return them to plaintiff and Davidson.

Plaintiff and Davidson then went to LaGrange to the used car lot Harris had directed them to, but were unable to locate either the man Harris told them to see, or their automobiles.

The next day, June 24, 1948, plaintiff and Davidson returned to Alexander City. There they met McClure, the defendant, and engaged him in conversation. It developed that McClure was in Alexander City also for the purpose of finding Harris, who had given McClure a bogus check in a car trade. It further developed that McClure had secured plaintiff's automobile in the trade he made with Harris.

McClure, the defendant, testified that when he bought the plaintiff's automobile Harris gave him as evidence of his title the

bill of sale executed by the plaintiff on June 22, 1948 conveying the automobile to Harris. Defendant paid Harris $675.00 for said automobile, and received a bill of sale from Harris therefor.

In his review of the evidence and judgment the court below concluded that this case was within the doctrine enunciated in Barksdale v. Banks, 206 Ala. 569, 90 So. 913, and Moore v. Long, 250 Ala. 47, 33 So.2d 6, which cases, construed together, are to the effect that where a sale is made for cash, or with the understanding that a check represents cash, no title passes to the vendee until the consideration is paid, delivery of the goods sold being considered conditional until the cash is paid or the check honored. Upon failure of consideration in such cases the vendee acquires no title, and of course can convey none, even to a bona fide purchaser.

In the Barksdale case, supra, however the court pointed out that the doctrine of that case was applicable only in the absence of laches, waiver, or estoppel on the part of the original vendor.

Section 29, Title 57, Code of Alabama 1940, also provides that:

"Subject to the provisions of this chapter, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, *unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.*" (Italics ours.)

The lower court was in our opinion amply justified under the evidence in concluding that the transaction between McClain and Harris was a cash transaction, conditioned upon payment of the purchase price, which condition failed.

It is to be noted, however, that in the Barksdale and Moore cases, supra, the defaulting vendee merely acquired possession of the chattels, without any indicia of ownership.

One may possess a chattel as a borrower, a bailee, lessee, or under other varied circumstances. A purchaser is therefore not entitled to rely on possession alone as indicating title and right to sell. Boozer v. Jones, 169 Ala. 481, 53 So. 1018; Williston on Sales, Rev.Ed., Vol. 2, Sec. 313; Brown on Personal Property, Sec. 71.

However, where owner of a chattel clothes another not only with possession of the chattel, but also with indicia of ownership inconsistent with any other supposition than that the possessor is the owner, a bona fide purchaser from such person is protected, and the original owner is estopped from denying the seller's right to sell. This is but an application of the broad equitable doctrine that where one of two equally innocent persons must suffer, the one whose act enabled the wrongdoer to commit the wrong must suffer the loss. Leigh Bros. v. Mobile & Ohio R. Co., 58 Ala. 165; Bent v. Jerkins, 112 Ala. 485, 20 So. 655; People's Bank & Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570; Federal Land Bank of New Orleans v. First National Bank of Scottsboro, 237 Ala. 84, 185 So. 414; Van Derveer v. Strickland Bros. Mach. Co., 16 Ala.App. 677, 81 So. 197; Williston on Sales, Rev.Ed., Vol. 2, Section 316; 46 Am.Jur., Sales, Sec. 463. See also note 151 A.L.R. 690.

It is our conclusion therefore that under the facts of this case showing that McClain surrendered possession of his automobile to Harris, and clothed Harris with indicia of title in the form of a bill of sale to the automobile, and also the tag receipt therefor, is estopped from denying the validity of McClure's title, who under the evidence submitted is shown to be a bona fide purchaser from Harris.

This being so, the lower court erred in applying the law to the facts in rendering judgment for the plaintiff, and in denying the defendant's motion for a new trial.

This cause must therefore be reversed and remanded, and it is so ordered.

Reversed and remanded.