46 So.2d 832

**DAVIDSON v. CONNER.**

**5 Div. 486.**

Supreme Court of Alabama.
April 20, 1950.

Rehearing Denied June 22, 1950.

---

[1]. 253 Ala. 471.

A. L. Crumpton, of Ashland, for appellant.

Reneau & Reneau, of Wetumpka, for appellee.

BROWN, Justice.

This is an action of trover by the appellant against appellee for damages for the conversion of "one model 1947 Chevrolet Stylemaster 2-door sedan, automobile, motor number E. A. A. 89 660, the property of the plaintiff." The trial was on the single count of the complaint with the plea of the general issue and was heard by the court without the intervention of a jury on testimony given *ore tenus,* resulting in a judgment for the defendant. However the material and controlling facts in the case are proven by the undisputed evidence with slight conflict in the testimony as to some of the minor details. Therefore the question presented was one of law, not of fact and therefore the usual presumptions applicable to cases wherein the question presented was one of fact as to which the evidence is in conflict as to the material and controlling facts in the case, is inapplicable. Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

The evidence is without dispute that the plaintiff was on the 22nd day of June, 1948, the owner of the automobile and drove it from his home in Ashland, Clay County, Alabama, to the Montgomery Auto Auction Sale Company's place of business

in the suburbs of Montgomery, to sell the same for cash and offered it for sale on the auction block, to use the terminology of the trade, "run it through the ring." The price bid was not satisfactory and plaintiff refused to sell at the price offered, eighteen hundred and fifty dollars, and withdrew the automobile from sale on the auction block. Immediately thereafter one W. T. Harris to whom plaintiff in the past had sold one automobile for cash, approached the plaintiff and offered to purchase the automobile for cash and finally offered plaintiff $1900.00 for the car and told plaintiff he would have to give him a check on The Alexander City Bank and the same would be paid on presentation. On the delivery of the check with the assurance the check was good and would be paid, Harris took possession of the car and according to the testimony offered by the plaintiff, within five or ten minutes thereafter Harris' young son got in the automobile, drove it around the sales lot and up the highway some distance and parked the same behind a cafe where the defendant was standing. This occurred after banking hours and when the check was presented early next morning the bank refused to pay the check because Harris had no account in the bank. The check was never paid.

The plaintiff then began a search for his automobile and through defendant found that it had been driven out of Alabama by defendant to Spartanburg, South Carolina, and defendant told plaintiff he sold it to a man in the lobby of the hotel whom he did not know and never expected to see again. That he (defendant) said he got the car from W. T. Harris, who owed him $2,000.00 on a bad check, and that he (defendant) gave Harris credit for $1,800 on said debt for the car. The plaintiff's testimony was corroborated in the main by two of his brothers.

The defendant testified on his direct examination that he bought the automobile through "the channel", the auction sale, and paid $1,800.00 cash in $100.00 bills, but on his cross-examination he changed his testimony and testified that between two and two-thirty o'clock on the 22nd day of June, 1948, he bought the automobile from said W. T. Harris at private sale, that he did not see or contact the plaintiff and had no dealings with him; that he did not inquire of Harris from whom he purchased the automobile and that Harris gave him a bill of sale therefor. That the automobile was driven from the automobile sales lot by one Morris French, defendant's employee, to Wetumpka and that defendant and French left early next morning between five and six o'clock and drove the automobile to Spartanburg and sold it next morning to a Mr. Blackmon, one of the firm of the Sales Company for $1,775.00. The defendant's testimony was corroborated by French.

The undisputed evidence leaves no room for doubt that the sale by the plaintiff to Harris was for cash and that Harris had no intention of paying for the automobile and that the delivery to him (Harris) was procured by fraud and false pretense. The delivery of possession to Harris was conditional and the title did not pass. Moore v. Long, 250 Ala. 47, 33 So.2d 6; Barksdale v. Banks, 206 Ala. 569, 90 So. 913. Moreover the great weight of the evidence goes to show that the defendant was acting in collusion and concert with Harris to procure the plaintiff's automobile through fraud and false pretense and place it beyond his reach through legal process.

The case of McClure Motor Co. v. McClain, 34 Ala.App. 614, 42 So.2d 266, is easily differentiated from the case at bar in that in the cited case the plaintiff by surrendering the possession and clothing the alleged purchaser with *indicia* of title was held to be estopped to recover the value of the automobile. As pointed out in the opinion here, there is an absence of evidence upon which such estoppel may be rested.

We are, therefore, of opinion that the plaintiff was entitled to recover the value of the automobile which the defendant converted to his own use and we ascertain that value to be $1,900.00. The clerk will, therefor, enter a judgment for said sum with interest from the 22nd day of June, 1948, at 6 percent per annum to the time

of the rendition of this judgment with an award of execution for its collection without the right of exemption as to personal property.

Reversed and rendered.

All the Justices concur except GARDNER, C. J., not sitting.