78 S.E.2d 391 (1953)
238 N.C. 468
HANDLEY MOTOR CO., Inc.,
v.
WOOD et al.
No. 103.
Supreme Court of North Carolina.
November 4, 1953.
*395 Gardner, Connor & Lee, Wilson, for plaintiff, appellee.
Carr & Gibbons, Wilson, for defendants, appellants.
ERVIN, Justice.
The defendants tendered this issue: "Was it the intent of Handley Motor Company and James P. Junghans, Jr., that legal title to the Ford automobile should pass to Junghans at the time Junghans' check was given in payment?" They asked the trial judge to submit such issue to the jury instead of the first and second issues or in addition to them, and saved an exception to his refusal to pursue either of these courses.
The defendants stressfully contend that the submission of this issue to the jury was essential to the determination of the crucial factual question whether or not the legal title of the Ford car passed from the plaintiff to Junghans. We are precluded from considering this contention as an original proposition by this rule: Where the evidence on a second or succeeding appeal is substantially the same as that on the first or preceding appeal, the matters adjudicated on the first or preceding appeal constitute the law of the case and will not be reconsidered or readjudicated on the second or succeeding appeal. Bruce v. O'Neal Flying Service, 234 N.C. 79, 66 S.E.2d 312; Cannon v. Cannon, 226 N.C. 634, 39 S.E.2d 821; Cheshire v. First Presbyterian Church, 222 N.C. 280, 22 S.E.2d 566; Pinnix v. Griffin, 221 N.C. 348, 20 S. E.2d 366, 141 A.L.R. 1164.
The evidence on the first trial and the former appeal is substantially the same as that on the second trial and this appeal. This Court held in express terms on the former appeal that "if the jury finds from the evidence that the transaction between the plaintiff and Junghans was a cash sale and that Junghans paid the purchase price for the car with a worthless cheque, then no title passed to Junghans and the legal title remained in the plaintiff." [75 S.E. 2d 318.] Handley Motor Co. v. Wood, supra. It thus appears that under the law of the case the first and second issues presented to the jury in an ample manner the crucial factual question whether or not the legal title to the Ford car passed from the plaintiff to Junghans. As a consequence, there was no need for the trial judge to submit to the jury the issue tendered by the defendants.
The trial judge utilized the fifth issue as a mere vehicle for the conveyance of his legal conclusion that the affirmative answers of the jury to the first and second issues entitled the plaintiff to recover the automobile from the defendants despite the facts that the defendants and their immediate predecessor, Adolph Mozes, trading as Mozes Autos, were bona fide purchasers. For this reason, we attribute no factual significance whatever to the answer of the jury to the fifth issue, and deem it wholly unnecessary to discuss the exceptions relating to that issue.
The exception to the entry of the judgment raises the legal question whether the findings of the jury on the other issues support the decision of the court in respect to the rights of the parties.
This legal question becomes more intelligible when it is stated in this fashion: Where the seller contracts to sell a chattel to the buyer for cash, and the seller accepts a check from the buyer as a means of payment of the cash and delivers the chattel to the buyer in the belief that the check is good and will be paid on presentation, and the check proves to be worthless or is dishonored on due presentation, can the seller reclaim the chattel from a bona fide purchaser from or under the buyer, or from the vendee of a bona fide purchaser from or under the buyer, if the seller has not been guilty of such conduct as will create an estoppel against him?
The trial judge answered this question in the affirmative when he entered the judgment. Counsel for the defendants assert with much earnestness and eloquence that he erred in so doing.
*396 Since the transaction between the defendants and Adolph Mozes, trading as Mozes Autos, and the transaction between Adolph Mozes, trading as Mozes Autos, and Lee Motors occurred in Pennsylvania, we must look to the law of that State for the answer to the question. Ellison v. Hunsinger, 237 N.C. 619, 75 S.E.2d 884; Handley Motor Co. v. Wood, supra; Price v. Goodman, 226 N.C. 223, 37 S.E.2d 592. The statute now codified as G.S. § 8-4 requires us to take judicial notice of the law of Pennsylvania governing the matter under consideration. Suskin v. Hodges, 216 N. C. 333, 4 S.E.2d 891.
Diligent search fails to uncover a Pennsylvania decision passing squarely upon the question under present consideration. A conflict of authority exists in the other jurisdictions whose courts have had occasion to make direct pronouncement on the subject. Williston on Contracts (Rev. Ed.), sections 730-733; Williston on Sales (Rev.Ed.), section 346a; 46 Am.Jur., Sales, section 478; 77 C.J.S., Sales, §§ 266, 294c. We take note of certain related rules of law which obtain in Pennsylvania before considering the conflict of authority on the specific question now before us. These related rules are as follows:
1. A cash sale is one in which the title to the property and the purchase price pass simultaneously, and the title remains in the seller until the purchase price is paid, even though possession of the property is delivered to the buyer. United States v. Lutz, 3 Cir., 142 F.2d 985; Frech v. Lewis, 218 Pa. 141, 67 A. 45, 11 L.R.A.,N.S., 948, 120 Am.St.Rep. 864, 11 Ann.Cas. 545; Werley v. Dunn, 56 Pa.Super. 254; Frech v. Lewis, 32 Pa.Super. 279; Windle v. Moore, 1 Chest.Co.Rep., Pa., 409; Refining & Storage Co. v. Miller, 7 Phila., Pa., 97; Williston on Contracts (Rev.Ed.), sections 730-733; 77 C.J.S., Sales, § 262.
2. Even a bona fide purchaser of a chattel acquires no property right in it at common law or in equity as against the true owner, if it is sold by a third person who, although in possession, has no title to it, unless the true owner authorizes or ratifies the sale, or is precluded by his own conduct from denying the third person's authority to make it. Kendall Produce Co. v. Terminal Warehouse & Transfer Co., 295 Pa. 450, 145 A. 511; Mackay v. Benjamin Franklin Realty & Holding Co., 288 Pa. 207, 135 A. 613, 50 A.L.R. 1164; Leitch v. Sanford Motor Truck Co., 279 Pa. 160, 123 A. 658; McQuale v. North American Smelting Co., 208 Pa. 504, 57 A. 984; Quinn v. Davis, 78 Pa. 15; O'Connor v. Clark, 170 Pa. 318, 32 A. 1029, 29 L.R.A. 607; Miller Piano Co. v. Parker, 155 Pa. 208, 26 A. 303, 35 Am.St. Rep. 873; McMahon v. Sloan, 12 Pa. 229, 51 Am.Dec. 601; Werley v. Dunn, supra; 46 Am.Jur., Sales, section 464; 77 C.J.S., Sales, § 295.
3. The rule stated in the preceding paragraph is embodied in the provision of the Uniform Sales Act and the statutory law of Pennsylvania that "subject to the provisions of this Act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." Uniform Sales Act, section 23(1); Purdon's Pennsylvania Statutes, title 69, section 201.
4. "In determining what protection is afforded to a bona fide purchaser of goods obtained by fraud, the nature and effect of the fraud practiced, rather than the mere presence or existence of fraud, are controlling." 77 C.J.S., Sales, § 294. This is true because in the absence of an estoppel, one is not entitled to protection as a bona fide purchaser unless he holds the legal title to the property in dispute. Jones v. Zollicoffer, 4 N.C. 645, 7 Am.Dec. 708; 46 Am. Jur., Sales, section 464; 77 C.J.S., Sales, § 288. As a consequence, an owner who is induced by the fraud of the buyer to part with the possession of his chattel, and no more, can reclaim it from a bona fide purchaser from or under the fraudulent buyer, unless the bona fide purchaser can bring himself within the protection of some principle of estoppel. Levy v. Cooke, 143 Pa. 607, 22 A. 857; Neff v. Landis, 110 Pa. 204, *397 1 A. 177; Barker v. Dinsmore, 72 Pa. 427, 13 Am.St.Rep. 697; Werley v. Dunn, supra; 46 Am.Jur., Sales, section 470; 77 C.J.S., Sales, § 294. But an owner who is induced by the fraud of the buyer to part with the legal title to his chattel can not recover it from a bona fide purchaser from or under the fraudulent buyer. Levy v. Cooke, supra; Neff v. Landis, supra; Sinclair v. Healy, 40 Pa. 417, 80 Am.Dec. 589; Smith v. Smith, 21 Pa. 367, 60 Am.Dec. 51; MacKinley v. McGregor, 3 Whart., Pa., 369, 31 Am.Dec. 522; G. I. Motors, Inc., v. Broadway Motors, 172 Pa.Super. 492, 94 A.2d 201.
5. The rule stated in the preceding paragraph is incorporated in the provision of the Uniform Sales Act and the statutory law of Pennsylvania that "where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title." Uniform Sales Act, section 24; Purdon's Pennsylvania Statutes, title 69, section 202.
6. "After property has passed into the hands of a bona fide purchaser, every subsequent purchaser stands in the shoes of such bona fide purchaser and is entitled to the same protection as the bona fide purchaser, irrespective of notice, unless such purchaser was a former purchaser, with notice, of the same property prior to its sale to the bona fide purchaser." 77 C.J.S., Sales, § 296d. See, also, in this connection: Seeley v. Garey, 109 Pa. 301, 5 A. 666.
We return at this juncture to the conflict of authority outside Pennsylvania on the precise point under consideration. The first line of authority declares that, nothing else appearing, where a chattel is sold for cash, and a check is tendered as the cash payment, and the seller delivers the chattel to the buyer, no title whatever passes from the seller to the buyer until the check is paid or honored; and that in the absence of some estoppel on his part, the seller can reclaim the chattel from a bona fide purchaser from or under the buyer, or from a subsequent purchaser from or under such bona fide purchaser, in case the check is not paid or honored on due presentation. Handley Motor Co. v. Wood, supra; De Vries v. Sig Ellington & Co., D.C., 100 F. Supp. 781; Davidson v. Conner, 254 Ala. 38, 46 So.2d 832; Moore v. Long, 250 Ala. 47, 33 So.2d 6; Barksdale v. Banks, 206 Ala. 569, 90 So. 913; McClure Motor Co. v. McClain, 34 Ala.App. 614, 42 So.2d 266; Dobbins v. Martin Buick Co., 216 Ark. 861, 227 S.W.2d 620; Pugh v. Camp, 213 Ark. 282, 210 S.W.2d 120; Sykes v. Carmack, 211 Ark. 828, 202 S.W.2d 761; Clark v. Hamilton Diamond Co., 209 Cal. 1, 284 P. 915; Gustafson v. Equitable Loan Ass'n, 186 Minn. 236, 243 N.W. 106; National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N.W. 342, 9 L.R.A. 263, 20 Am.St.Rep. 566; Brotchiner & Sons v. M. Ullman, Inc., 141 Misc. 102, 252 N.Y. S. 244; Plummer v. Kingsley, 190 Or. 378, 226 P.2d 297; Johnson v. Iankovetz, 57 Or. 24, 102 P. 799, 110 P. 398, 29 L.R.A.,N.S., 709; Ohio Motors, Inc., v. Russell, Willis Inc., 193 Tenn. 524, 246 S.W.2d 962; Han & Co. v. Beley Cotton Co., 154 Tenn. 689, 290 S.W. 994; Young v. Harris-Cortner Co., 152 Tenn. 15, 268 S.W. 125, 54 A.L.R. 516; Cowan v. Thompson, 25 Tenn.App. 130, 152 S.W.2d 1036; Gose v. Brooks, Tex. Civ.App., 229 S.W. 979; Richardson v. Seattle First Nat. Bk., 38 Wash.2d 314, 229 P.2d 341; Frye & Co. v. Boltman, 182 Wash. 447, 47 P.2d 839; Quality Shingle Co. v. Old Oregon Lumber & Shingle Co., 110 Wash. 60, 187 P. 705; Williston on Contracts (Rev.Ed.), sections 730-733; Williston on Sales (Rev.Ed.), section 346a; 46 Am.Jur., Sales, section 478; 77 C.J.S., Sales, §§ 266, 294c. The second line of authority holds that, nothing else appearing, where the parties bargain for the cash sale of a chattel which the seller delivers to the buyer, and payment of the purchase price is made by a check which afterwards proves to be worthless, a voidable legal title passes from the seller to the buyer; and that in consequence a bona fide purchaser acquires an indefeasible title to the chattel if he purchases it from or under the buyer before his voidable title is avoided by the seller. Williston on Contracts (Rev.Ed.), sections 730-733; Williston on Sales (Rev.Ed.), *398 section 346a; 46 Am.Jur., Sales, section 478; 77 C.J.S., Sales, §§ 266, 294c, 296b.
The courts of Pennsylvania have adhered without variableness or shadow of turning to the rule that on a cash sale of personal property the legal title remains in the seller until the purchase price is paid, even though possession of the property is delivered to the buyer. For this reason, we are constrained to conclude that when it accepted the worthless check tendered by Junghans and delivered its Ford automobile to him, the plaintiff parted with the possession of the automobile, and nothing more. This conclusion assigns Pennsylvania to a place among the jurisdictions where the first line of authority obtains, and enables the plaintiff to reclaim the automobile from the defendants, notwithstanding the facts that the defendants are bona fide purchasers and vendees of a bona fide purchaser. Our conclusion on this phase of the controversy harmonizes with the obiter dicta supporting the first of the headnotes which precede the opinion of the Superior Court of Pennsylvania in Werley v. Dunn, supra. This headnote is couched in these words: "Where on a sale of goods the price is to be paid partly by notes and partly in cash, and the seller delivers the goods, accepts a note and a check, and the check is not paid because there are no funds in bank, title to the goods does not pass, and the seller may pursue them in the hands of an innocent purchaser for value."
The exception to the denial of the motion of the defendants for permission to amend their answer so as to allege that the plaintiff was estopped by its conduct from denying the authority of Junghans to sell the Ford automobile is untenable.
The action pended for 28 months before the motion to amend was made. It is settled procedural law in this State that a motion to amend an answer in an action pending in the superior court after the time for answering has expired is addressed to the discretion of the superior court, and that the ruling of the superior court on the motion to amend will not be reviewed by the Supreme Court on appeal, unless a prejudicial abuse of its discretion by the superior court is clearly shown. Hardy v. Mayo, 224 N.C. 558, 31 S.E.2d 748.
There is no basis for any contention that the superior court abused its discretion in disallowing the motion to amend the answer. Indeed, it affirmatively appears that it would have profited the defendants nothing had their motion to amend their answer been granted. Since the evidence offered by the parties at the second trial was substantially the same as that presented by them at the first, the observation of this Court on the former appeal that "there is no * * * evidence to support * * * (a) * * * plea of estoppel" still applies to this case with undiminished vigor. Handley Motor Co. v. Wood, supra.
The judgment of the superior court must be upheld, for there is in law
No error.