72 So.2d 124

### JOHNSON MOTOR CO. v. SIMS.

**7 Div. 229.**

Court of Appeals of Alabama.

March 16, 1954.

Rehearing Denied April 14, 1954.

Roy D. McCord, Rowan S. Bone, Gadsden, for appellant.

Lusk, Swann & Burns, Gadsden, for appellee.

PRICE, Judge.

The complaint was in detinue for the recovery of one 1948 Chevrolet automobile. The cause was tried by the court without the intervention of a jury and resulted in a judgment for defendant. Plaintiff appeals.

The evidence for plaintiff shows that T. D. Johnson, one of the partners of Johnson Motor Company, sold the automobile in question at auction sale in Huntsville, Alabama, on November 10, 1950, to Charlie New, as agent for Attalla Auto Sales Company, for $1,040 receiving a check for the full amount, signed "Attalla Auto Sales, by Charlie New." The check was dishonored at the bank because of insufficient funds and was never paid.

At the time the check was received and the automobile delivered to New, a written

"Conditions of purchase" agreement was entered into between the parties. This agreement and the dishonored check were introduced in evidence by plaintiff.

The automobile was located on defendant's used car sales lot in Gadsden and its return demanded, which was refused.

Plaintiff introduced evidence to the effect that the value of the automobile was from $1,000 to $1,050.

Defendants' evidence goes to show that they purchased the automobile from the Attalla Auto Sales Company for the sum of $965. Attalla Auto Sales Company operated a used car lot in Etowah County and defendants had had dealings with them on other occasions. Defendants made no inquiry as to the title to the automobile and received no bill of sale. Defendants had no knowledge of any liens or outstanding claims against the car until its possession was demanded by plaintiffs.

The holding of our appellate courts is to the effect that: "where a sale is made for cash, or with the understanding that a check represents cash, no title passes to the vendee until the consideration is paid, delivery of the goods sold being considered conditional until the cash is paid or the check honored. Upon failure of consideration in such cases the vendee acquires no title, and of course can convey none, even to a bona fide purchaser." J. L. McClure Motor Co. v. McClain, 34 Ala.App. 614, 42 So. 2d 266, 267; Barksdale v. Banks, 206 Ala. 569, 90 So. 913; Moore v. Long, 250 Ala. 47, 33 So.2d 6.

Appellee's counsel asserts in brief that the evidence fails to show that anything was said between the seller and purchaser with reference to the sale being considered a cash sale transaction and fails to show that representations were made by New that the check was good or would be paid when presented at the bank. But that the transaction was in fact a conditional sale, as shown by the provisions of the written agreement and since the contract was not recorded as provided by Section 131, Title 47, Code 1940, it was void as against appellee, who was a purchaser for a valuable consideration without notice of the condition attached to the possession of the car.

The provisions of the written agreement referred to are as follows:

"And it is expressly agreed by the undersigned buyer that the title and ownership of said automobile above mentioned with all of its parts and equipment (including any and all parts, appliances, additions, and replacements) shall remain in said vendor or assigns until any check, draft, due bill, note or any other instrument given for the purchase price of said automobile, or any part of the same, has been fully paid, and so marked and delivered up to said buyer; and that said title shall not pass to the buyer and this bill of sale becomes absolute until the payment in full of such check or checks, draft, due bill, note or other instrument, or any renewal of the same, and delivery up of the same to the buyer as above provided, and in the meantime the buyer assumes all risk of destruction of said automobile by any way or means."

In Barksdale v. Banks, supra [206 Ala. 569, 90 So. 914], the Supreme Court held that "Where the payment of the purchase price is expressly or impliedly a condition precedent to the passing of title, the delivery is considered conditional, and, payment being refused, the vendor may reclaim his goods."

The intention of the parties is of course, the governing principle. We conclude that under the terms of the express agreement between the seller and purchaser that title was to remain in the seller until payment of the check, it was never the intention of the parties that credit was to be extended. The delivery of the automobile being conditional, under the authorities, supra, title did not pass, and the plaintiff was entitled to recover his property.

For the error of the court in rendering judgment in favor of defendant the cause must be reversed.

Reversed and remanded.

550

## On Rehearing.

As authority to sustain our holding in this case we cite Slaton v. Lamb, 260 Ala. 494, 71 So.2d 289. This decision was rendered by the Supreme Court on March 18, 1954, two days after our opinion in this case.

Application overruled.