127 So.2d 614

Floyd BROWN

v.

SAND MOUNTAIN BANK.

8 Div. 37.

Supreme Court of Alabama.

March 2, 1961.

Clark E. Johnson, Jr., Albertville, for appellant.

H. G. Bailey, Boaz, and Jos. C. Kellett, Fort Payne, for appellee.

SIMPSON, Justice.

This is an action of trover by appellee (plaintiff below) against appellant (defendant below) for damages for the conversion of a certain 1959 Chevrolet automobile. From a judgment for the plaintiff the defendant brings this appeal.

The facts are practically undisputed. Appellant is a new car dealer in Albertville and appellee is a banking corporation in Boaz. Appellant sold the subject automobile to one Gibbs for $3,725, $2,725 "cash on delivery" and $1,000 by delivery to appellant from Gibbs of a 1953 Chevrolet, thereby making the total price, as stated, $3,725. All of these items are shown in the memorandum or bill of sale delivered by appellant to Gibbs and showing Gibbs' wife, Mrs. Gibbs, to be the person to whom the car was sold. This bill of sale, or invoice, was a regular form which appellant used in his business and which he delivered to any purchaser who purchased an automobile from him. The license tag was also paid for by appellant and made out to Mrs. Gibbs and when the car was delivered to the Gibbses with the tags placed thereon, the invoice or bill of sale was also delivered to the Gibbses. It developed, however, that contrary to what the memorandum of sale showed, the $2,725 recited in the memorandum as "cash on delivery" was not in fact cash, but a bad check drawn by Gibbs on a Tuscaloosa bank in that amount, which was never paid. In the meantime, after the automobile and the memorandum of sale had been delivered to

the Gibbses, and before it was known that the $2,725 check had been dishonored, the Gibbses, together with Mrs. Gibbs' father, went to the appellee bank in Boaz and negotiated a loan on the automobile, giving a chattel mortgage thereon to the bank in the amount of $2,700. Gibbs absconded, the bad check was never paid, and the bank proceeded to obtain possession of the automobile after this fact became known. According to the testimony of the bank official, the bank gave over the possession of the automobile to appellant for safe-keeping. Later appellee bank demanded possession of the automobile from appellant. Appellant refused to deliver the same, appellee entered the instant suit against him, and the trial court, sitting without a jury, rendered the judgment aforesaid against appellant.

The rule governing the decision of this case, and followed by the trial court, is stated in McClure Motor Co. v. McClain, 34 Ala.App. 614, 616, 42 So.2d 266, 268, later cited with approval in Davidson v. Conner, 254 Ala. 38, 46 So.2d 832, to wit:

"* * * where owner of a chattel clothes another not only with possession of the chattel, but also with indicia of ownership inconsistent with any other supposition than that the possessor is the owner, a bona fide purchaser from such person is protected, and the original owner is estopped from denying the seller's right to sell. This is but an application of the broad equitable doctrine that where one of two equally innocent persons must suffer, the one whose act enabled the wrongdoer to commit the wrong must suffer the loss. Leigh Bros. v. Mobile & Ohio R. Co., 58 Ala. 165; Bent v. Jerkins, 112 Ala. 485, 20 So. 655; People's Bank & Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570; Federal Land Bank of New Orleans v. First National Bank of Scottsboro, 237 Ala. 84, 185 So. 414; Van Derveer v. Strickland Bros. Mach. Co., 16 Ala.App. 677, 81 So. 197; Williston on Sales, Rev. Ed., Vol. 2, Section 316; 46 Am.Jur., Sales, Sec. 463. See also note 151 A.L.R. 690."

Appellant did deliver to Mrs. Gibbs the possession of the automobile and undoubtedly clothed her with indicia of ownership showing that she was the owner of the automobile with no unpaid balance remaining and no outstanding check. As observed, the memorandum of sale from appellant's motor company was a printed form on which appellant's letterhead, "Floyd Brown Chevrolet Co." appeared, along with appellant's telephone number and address, with the date of the sale and the words, "Sold to: Mrs. Dean Gibbs", then showing the make, model, serial number and key number of the automobile, together with the purchase price and showing that it represented $2,725 "cash on delivery" and the used car representing $1,000 payment, the total being $3,725. Also on the left lower corner of the document appeared the number of the license tag.

Learned counsel argues for the appellant that he is entitled to have the sale rescinded on account of the bad check under the general rule that where a sale is made for cash or with the understanding that a check represents cash, no title passes to the vendee until the consideration is paid, delivery of the goods sold being conditional until the cash is paid or the check honored and upon failure of the consideration, the vendee acquires no title and cannot convey title to a bona fide purchaser; citing cases holding to this effect including Barksdale v. Banks, 206 Ala. 569, 90 So. 913; Moore v. Long, 250 Ala. 47, 33 So.2d 6, and Ison v. Cofield, 261 Ala. 296, 74 So. 2d 484. The principle of these cases, however, is only applicable in the absence of laches, waiver, or estoppel on the part of the original vendor. McClure Motor Co. v. McLain, supra; Davidson v. Conner, supra. See also Code 1940, Title 57, § 29.

As stated, in the instant case the appellant is precluded from a favorable judg-

ment under the general rule by reason of the last stated principle of estoppel and the trial court held correctly in so finding.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.