[No. 15529.    Department One.    February 19, 1920.]

QUALITY SHINGLE COMPANY, *Respondent,* v. OLD OREGON LUMBER & SHINGLE COMPANY, *Appellant.*[1]

SALES (88)—WHEN TITLE PASSES—DELIVERY OF BILL OF LADING. As between the parties, no title to a car load of shingles passes to the purchaser on delivery of a bill of lading where the sale was for cash, paid by the purchaser's check on the representation that the check would be paid on presentation, and it was returned not paid for want of funds.

CARRIERS (14-14-2)—BILL OF LADING — NEGOTIABILITY — EXISTING EQUITIES UNDER FEDERAL ACT. Upon an interstate shipment, under 8 U. S. Comp. St. (1916) § 8604o, providing that a straight bill of lading cannot be negotiated free from existing equities and that its indorsement gives the transferee no additional rights, an assignee of a nonnegotiable bill of lading naming the consignor as the consignee acquires no greater rights than the assignor, and where the assignor's title failed for want of consideration, his *bona fide* assignee acquired no title prior to actual delivery of the goods superior to the consignee's equity therein and right to assert title thereto.

Appeal from a judgment of the superior court for King county, Jurey, J., entered February 14, 1919,

[1]Reported in 187 Pac. 705.

upon findings in favor of the plaintiff, in an action to recover the proceeds of a sale of shingles, tried to the court.  Affirmed.

*Kerr & McCord* (*Wm. Z. Kerr,* of counsel), for appellant.

*Alexander & Bundy,* for respondent.

PARKER, J.—This controversy in its beginning was over the ownership of 185 M shingles, being a car load; but the action is in form one wherein the plaintiff, Quality Shingle Company, seeks to recover the proceeds of a sale of the shingles made by the defendant, Old Oregon Lumber & Shingle Company.  The action was so commenced and prosecuted because of an agreement between the parties to this action, entered into before its commencement, whereby it was agreed that the shingles be delivered to the defendant's purchaser and the proceeds of such sale substituted for the shingles in any litigation between the parties to the agreement looking to the determination of their respective rights to the shingles.  A trial in the superior court upon the merits resulted in findings and judgment against the defendant, awarding to the plaintiff recovery in an amount equal to the proceeds of the sale of the shingles made by the defendant, with interest.  From this disposition of the cause the defendant has appealed to this court.

The controlling facts are not in dispute, and may be summarized as follows:  On June 16, 1917, respondent, Quality Shingle Company, was the owner of the shingles in question.  On that day it delivered the shingles to the Great Northern Railway Company, at Edmonds, in this state, for shipment to Whitefish, in the state of Montana.  The railway company thereupon delivered to respondent a straight, nonnegotiable bill

of lading, wherein respondent was named both as consignor and consignee. On June 18, 1917, respondent made an agreement with Shepard-Traill Company for the sale of the shingles, it being agreed between them that the purchase price should be paid upon delivery of the bill of lading for the shipment of the shingles. Thereupon the bill of lading was delivered by respondent to Shepard-Traill Company pursuant to such agreement, and at the same time Shepard-Traill Company delivered to respondent its check for the amount of the agreed purchase price, drawn upon the Metropolitan Bank of Seattle, appellant, at the same time representing to respondent that the check would be paid upon presentation. The check was promptly in due course deposited by respondent in the State Bank of Edmonds, and thereafter in due course and without delay was forwarded and presented for payment to the Metropolitan Bank of Seattle on June 21, 1917. Upon such presentation, payment was refused by the Metropolitan Bank for the reason that the Shepard-Traill Company had not sufficient funds on deposit in that bank. On June 18th, 1917, Shepard-Traill Company sold to appellant the shingles in question. Relative to this sale, the trial court found:

"That, at the time of such purchase, the said Shepard-Traill Company, with the intent and purpose of thereby making delivery to said defendant of the said shingles hereinbefore mentioned, delivered to said defendant the said bill of lading issued to the plaintiff by the Great Northern Railway Company on June 16, 1917, for said car No. 206842, which bill of lading, prior to the time of its delivery to said Shepard-Traill Company had been endorsed in blank by the plaintiff and delivered by plaintiff to Shepard-Traill Company; that the defendant purchased said shingles, and took said bill of lading so endorsed in blank by plaintiff in good faith and paid to said Shepard-Traill Company the full

and fair price for said shingles, to wit: the sum of $455.10, without notice, actual or constructive, of any fact to put defendant upon inquiry as to the endorsement and delivery of said bill of lading by plaintiff and delivery thereof to said Shepard-Traill Company or reason to suspect that plaintiff had any interest or claim upon or to said shingles or any part thereof."

This finding, in so far as it relates to good faith on the part of appellant in purchasing the shingles from Shepard-Traill Company, and in so far as it touches the question of appellant's being required to take notice of any defects in the title of the Shepard-Traill Company, we think it will appear, presents questions of law rather than fact.

Upon the refusal of the Metropolitan Bank to honor the check, respondent promptly claimed ownership in the shingles, and so notified appellant, also notifying appellant that it would demand possession of the shingles from the Great Northern Railway Company, in whose possession they still were in course of transportation. Thereupon, on June 25th, 1917, an agreement was entered into between respondent and appellant that respondent should permit the shingles to go forward and be delivered to the purchaser thereof from the defendant, and that the proceeds of such sale should be substituted for the shingles in any litigation between the parties to the agreement, looking to the determination of their respective rights to the shingles. Thereafter, in pursuance of that agreement, the shingles were caused to be delivered by appellant to its purchaser, it receiving the proceeds of such sale, the recovery of which are here sought.

That the sale agreement entered into between respondent and the Shepard-Traill Company was an agreement for a cash sale, that Shepard-Traill Company obtained possession of the bill of lading by giving

its check for the agreed purchase price to respondent and by representing to respondent that the check would be paid upon presentation, that respondent took the check believing in good faith that it was in fact being paid for the shingles in cash, and that the check was promptly in due course presented for payment which payment was refused, we think it quite clear. It seems to us to follow, in the light of elementary rules of law, that, as between respondent and Shepard-Traill Company, the title to the shingles did not pass from respondent to Shepard-Traill Company upon it receiving the bill of lading for the shingles and giving its check to respondent therefor. The real question in this case is whether or not respondent retained such equitable right in the shingles that it may successfully assert such right as against appellant, the purchaser of the shingles from Shepard-Traill Company. Now appellant's claim of title in the shingles rests alone upon the assignment by Shepard-Traill Company of the straight, nonnegotiable bill of lading, for it is to be remembered that, when respondent asserted title to the shingles, and so notified appellant, neither Shepard-Traill Company nor appellant had obtained physical possession of the shingles nor any right therein other than as evidenced by the straight, nonnegotiable bill of lading. So we are brought to the question of whether or not the assignment of this bill of lading from Shepard-Traill Company to appellant vested in appellant title to the shingles superior to that possessed by Shepard-Traill Company, as against respondent.

It is at once plain that this was an interstate commerce shipment, since it was a shipment from a point in this state to a point in the state of Montana. We think it follows, therefore, that the question of the effect of the assignment of the bill of lading, and the rights acquired by appellant, the assignee, is controlled

by the Act of Congress of August 29th, 1916, relating
to bills of lading in interstate and foreign commerce.
Referring to that act and the sections thereof as found
in Vol. 8, U. S. Compiled Statutes, 1916, we note the
following provisions thereof:

"Sec. 8604aaaa. A bill in which it is stated that the
goods are consigned or destined to a specified person
is a straight bill.

"Sec. 8604b. A bill in which it is stated that the
goods are consigned or destined to the order of any
person named in such bill is an order bill. Any pro-
vision in such a bill or in any notice, contract, rule, reg-
ulation, or tariff that it is nonnegotiable shall be null
and void and shall not affect its negotiability within
the meaning of the Act unless upon its face and in
writing agreed to by the shipper.

"Sec. 8604o. A bill may be transferred by the holder
by delivery, accompanied with an agreement, express
or implied, to transfer the title to the bill or to the
goods represented thereby. A straight bill can not be
negotiated free from existing equities, and the indorse-
ment of such a bill gives the transferee no additional
right."

There has not come to our notice any decision of the
courts touching the question of the meaning of these
provisions of the Federal Act. It seems to us, how-
ever, that, the language of the act above quoted plainly
places the assignee of a straight bill of lading in all
respects in the shoes of his assignor. The language,
"a straight bill of lading cannot be negotiated free
from existing equities, and the indorsement of such
a bill gives the transferee no additional right," it seems
to us plainly means that, whatever right, legal or
equitable, may exist in the property described in the
bill of lading in favor of someone other than the assign-
or of the bill of lading as against him, continues to
exist as against his assignees. We are of the opinion

that respondent had the same right to the shingles as against appellant as it had as against Shepard-Traill Company.

The judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.