CHARLES A. CANNON, TRUSTEE, v. EUGENE T. CANNON ET AL.

(Filed 30 October, 1946.)

1. **Appeal and Error § 52: Wills § 39—In this suit by trustees for advice, beneficiary held not entitled to invoke jurisdiction of the court to control administration of estate.**

Where, in the trustees' action to construe a will and for advice in the administration of the testamentary trust, the decision of the Supreme Court adjudicates the matters and directs the trustees to proceed, and

holds that the administration of the trust belongs in the first instance to the trustees, *held* upon the certification of the decision to the Superior Court, the matters adjudicated are not properly before it, and, there being no additional request for instructions from the trustees, a beneficiary of the trust may not invoke the jurisdiction of the court for the purpose of giving additional instructions to the trustees or to require them to file their report with provision that any party interested might file exceptions thereto within a time specified.

**2. Appeal and Error § 51a—**

A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.

APPEAL by plaintiffs and defendants, other than Laura Cannon Mattes, from *Sink, J.,* at February Term, 1946, of CABARRUS.

Civil action by Trustee under the will of Mary Ella Cannon for construction of will and for advice in the administration of testamentary trust.

Following remand of the case at the Fall Term, 1945, reported in 225 N. C., 611, 36 S. E. (2d), 17, it was placed on the motion docket at the February Term, 1946, Cabarrus Superior Court, for judgment on certificate of decision of Supreme Court.

The defendant, Laura Cannon Mattes, appeared at said term through counsel, filed written motion, requested additional adjudication, asked that report of the Trustees be ordered filed with the court forthwith, setting forth valuations of the trust shares and how they were made, with opportunity of interested parties to file objections; and that the cause be retained until the valuation of the trust shares are finally determined.

In accordance with the petition and motion of Laura Cannon Mattes, the following paragraphs were incorporated in the judgment of the Superior Court:

"5. That for the purpose of ascertaining the amount of each of said annuities, the market value of the principal of each of the trust shares set apart by the trustees shall be determined as of May 4, 1938.

"6. That the principal of each such trust share which is to be thus valued, consists of all the assets set apart by said trustees in each of said trust shares, and which were owned by the said Mary Ella Cannon at the time of her death, including the stocks listed in paragraph 15 of the complaint.

"7. The trustees are instructed to proceed promptly to make a valuation of the principal of the said trust shares based upon their market value as of May 4, 1938, and to file in this cause, within thirty days, a report setting out the valuation so made by them in sufficient detail to

CANNON *v.* CANNON.

show the method pursued, the assets valued and the values placed upon each of said assets.

"8. That all parties shall have thirty days after the filing of said report to file exceptions thereto, and the matter shall thereafter be heard by the Court with respect to any questions raised by exceptions filed by the parties which require a determination by the Court."

From the judgment entered, the plaintiffs and defendants, other than Laura Cannon Mattes, appeal, assigning errors.

*W. H. Beckerdite for Charles A. Cannon, Trustee, and Adelaide Cannon Blair, Successor Trustee, plaintiffs, appellants.*

*E. T. Bost, Jr., for William C. Cannon, Mariam Cannon Hayes, Mary Ruth Cannon, Harriett McLean Cannon, Executrix and Sole Legatee of Eugene T. Cannon, as such Executrix and in her Individual Capacity, and Cabarrus Bank & Trust Company, Guardian for Charles A. Cannon, III, defendants, appellants.*

*J. G. Korner, Jr., for Adelaide Cannon Blair, Jay B. Douglass, Adelaide Douglass Whitley and David H. Blair, Jr., defendants, appellants.*

*Ratcliff, Vaughn, Hudson & Ferrell for Margaret Cannon Howell, Mary Cannon Hill, Charles H. Hill, Susan Hill Walker and Jane Hill Simpson, defendants, appellants.*

*E. R. Alexander, Guardian ad Litem for the Minor Defendants, Norma Louise Cannon, et al., defendants, appellants.*

*J. Carlyle Rutledge, Guardian ad Litem for the Unborn Issue of Adelaide Cannon Blair, et al., defendants, appellants.*

*John M. Robinson and Hunter M. Jones for Laura Cannon Mattes, defendant, appellee.*

STACY, C. J. It was said on the former appeal that the administration of the trust belongs in the first instance to the Trustees. They have not yet determined the value of the principal of the first trust shares; nor have they had sufficient time to do so. They have been in court all the while. The matters referred to in paragraphs 5 and 6 of the judgment were not properly before the court. No additional requests for instructions have come from the Trustees, and on the facts presently appearing of record, the movent is not supported in her position, as she seems to think, by the case of *Mountain Park Institute v. Lovill*, 198 N. C., 642, 153 S. E., 114. There, no suit had been brought to construe the will or for guidance in the administration of the trust, but the action was instituted by one of the beneficiaries to require performance or to enforce the trust.

It was also held on the former appeal that in the present state of the record the court was without authority to fix the value of the trust shares

or to entertain requests for instructions similar to those now sought by movent. "A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal"—Headnote (6th), *Harrington v. Rawls,* 136 N. C., 65, 48 S. E., 57, cited with approval in numerous later cases, some of them collected in *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517.

The trial court was doubtless misled in the matter by the way in which it was presented. No objection was interposed to his hearing the motion as filed, and indeed the appellants themselves first suggested something in addition to judgment on certificate of decision of Supreme Court G. S., 7-16. Whether this was in excess of the matters then before the court, we need not decide. Suffice it for present purposes to say authority is a prerequisite to judicial action. Jurisdiction is essential to a valid judgment. *Stancill v. Gay,* 92 N. C., 462.

Error and remanded.