**CARSON UNION MAY STERN COMPANY, a Corporation, Plaintiff-Respondent,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, a Corporation, Defendant-Appellant.**

**No. 32514.**

St. Louis Court of Appeals.

Missouri.

Oct. 17, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 28, 1967.

Alan E. Popkin, Coburn, Croft & Kohn, St. Louis, for appellant.

Max Sigoloff, St. Louis, for respondent.

WOLFE, Judge.

This action originated in Magistrate Court in the City of St. Louis. The Petition was in two counts. The first count sought to recover for the value of goods converted by the defendant to its own use. The second count sought recovery from the defendant for damage to the same goods in shipment. There was a judgment for the defendant in the Magistrate Court on both counts and the plaintiff appealed. The trial, upon appeal, was to the court and the Circuit Judge entered a judgment for the defendant on both counts of the Peti-

tion. In due time the plaintiff filed a motion to set aside the judgment in favor of the defendant and enter a judgment for the plaintiff. The court sustained the motion as to Count I of the Petition and overruled it as to Count II. A judgment was then entered for the plaintiff on the theory of conversion on Count I and the defendant prosecutes this appeal.

The freight shipment to the plaintiff consisted of 225 steel cabinets. About two days after receiving delivery of cabinets the plaintiff's manager, a Mr. Fihn, directed that some of the cabinets be removed from the corrugated packing cases in which they were shipped. When this was done it was found that some of the cabinets were damaged. Fihn testified that there were places on some of the cartons that were pressed in or slightly crushed. Twenty-three of the cabinets were found to be damaged in that some steel channels, spot welded to the inside of the cabinets as drawer slides, had broken loose.

Fihn testified that after a conversation with the claim agent, "that they were allowing the claim," he told them to pick up the damaged cabinets and on January 6, 1964 a claim was filed with the defendant for $595.47. On January 7, 1964 the plaintiff sent to the defendant the following letter:

"Pennsylvania Railroad

Freight Claim Department

East St. Louis, Illinois

Gentlemen:

In re car #30720, shipper Parker Allen, you have made inspection of 23 #130 cabinet bases at our warehouse, 904 So. 14th Street.

You were to arrange to pick up these damaged cabinets out of the full car shipment, and we were to file claim. Please arrange to have these picked up immediately.

Yours truly,

CARSON UNION MAY STERN"

After receipt of the letter the defendant had the twenty-three damaged cabinets picked up on Jan. 28 by a salvage company and Mr. Fihn wrote to defendant the following letter:

"Pennsylvania RR

Room 200-15—North 32nd Street

Philadelphia, 4, Pennsylvania

Attention: W. D. Hamilton, Manager Freight Claims Dept.

In re: Claim 413-00031

Dear Mr. Hamilton:

In re claim 413-00031, your Mr. Ross phoned today and stated that you desired to deny our claim.

Our warehouse informs me that this is incorrect, that they had spoken to Mr. Ross prior to this time, showing them part of the claim, and at that time, your Mr. Ross told them to open up every one of the units and considerable time elapsed before they had them all opened, and then they called him to come back and claim was filed.

Your Mr. Ross, representing your company, acknowledged the claim and waived all rights when he arranged to have the merchandise picked up, and the merchandise is in the hands of the Salvage Company. Consequently, we must ask that you do honor and take care of this claim of Five Hundred, Ninety-Five and 47/100 ($595.47) immediately, because we have paid the factory for this goods.

May we hear from you immediately, advising that payment will be forthcoming?

Respectfully yours,

CARSON MAY STERN CO.

A. I. FIHN"

On February 20 the defendant railroad sent the following in reply:

"Carson May Stern

11th & Olive

St. Louis, Mo.

Your file: Jan. 6, 1964

Gentlemen:

A thorough investigation of the transportation records reveals no evidence of improper handling of this shipment on the part of the carriers. The shipment was delivered to the consignee in good condition and request for inspection of the property was not received within fifteen days after date of delivery.

Under the circumstances, carrier liability does not exist and your claim is respectfully disallowed.

However, the property was sold by the carrier for account of the owner for $93.-50. We are sending you our payment voucher for that amount, which may be accepted by you without prejudice to your right to further payment in the event carrier liability is found.

Yours very truly,

s/ W. D. Hamilton
W. D. Hamilton
Manager, Freight Claims"

Mr. Fihn testified that the plaintiff at no time authorized the sale of the cabinets. He said that the cabinets could have been repaired for a small sum and that they were worth $20.00 each at the time defendant picked them up.

The claim agent testifying on behalf of the defendant stated that the cabinets were not damaged by the railroad. He stated that he had the cabinets picked up because "The company requested me to pick them up, it's the relationship between the company, the consignee and the railroad, and

we have to make every effort to do these things, and we were told to pick them up and I had no other choice."

The foregoing constitutes the pertinent evidence presented and as stated the court entered a judgment for the defendant on both counts and later set aside judgment for the defendant on the conversion count and entered the judgment for the plaintiff.

■ The respondent here moved to dismiss the appeal and questions the sufficiency of the notice of appeal. The notice states that the defendant appeals from "setting aside judgment on Count I" rather than the judgment entered against the defendant. Under Civil Rule 82.04, V.A.M.R. the appeal should have been from the judgment entered. It is obvious that the appellant intended and in good faith attempted to appeal from the judgment and we shall consider the appeal as being from the judgment against defendant-appellant. State ex rel. State Highway Commission v. Kendrick, Mo., 383 S.W.2d 740.

The respondent also contends in the motion to dismiss the appeal that the appellant's brief fails to comply with Civil Rule 83.05(a), (c), (e). We find this contention without merit and the motion to dismiss the appeal is overruled.

■ The main contention raised by this appeal is that the evidence does not support judgment on the theory of conversion. In passing upon this we review the case upon both the law and the evidence as in suits of an equitable nature. Civil Rule 73.01(d), V.A.M.R; Adams v. Manchester Insurance & Indemnity Company, Mo.App., 385 S.W.2d 359.

There was no credible evidence that the cabinets were damaged in transit. The defects noted appeared to have been in the welding of the drawer channels. However, we are not concerned with the claim for damage in shipment for the defendant prevailed on that count, and the judgment is final. The determinative question to be decided is whether the sale of the cabinets by the defendant railroad constituted conversion.

■ "Conversion is an *unauthorized* assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owners' right. * * *" State ex rel. and to Use of Williams v. Feld Chevrolet, Inc., Mo.App., 403 S.W.2d 672, 1. c. 680; Kegan v. Park Bank of St. Joseph, 320 Mo. 623, 8 S.W.2d 858, 1. c. 871. An examination of the evidence shows an authorized possession in the railroad defendant for it was requested to pick up the cabinets. The question left is whether or not it exercised an unauthorized ownership after it acquired the authorized possession, to the exclusion of the owner's right.

The cabinets were not turned over for sale to the salvage company for the benefit of the railroad but for the benefit of the plaintiff owner. What possible purpose could the plaintiff's manager have had in mind when he requested the railroad to pick up the cabinets? They were to be sold and he must have known and intended that when the salvage company picked them up.

■ In 13 Am.Jur.2d, Carriers § 434, it is said: "* * * A carrier may, however, sell for the account of the owner where such owner, after being notified of the conditions, gives notice to the carrier of his abandonment of the property and of his intention to claim its value. * * *" The facts before us fit within this rule for the action of the plaintiff clearly indicated that he was in effect abandoning the property and asserting a claim for its value. The railroad sold it and gave the plaintiff the money it received from the sale.

We hold that the plaitiff failed to make a case of conversion and the judgment on Count I of the Petition is reversed.

ANDERSON, P. J., and RUDDY, J., concur.