407 F.Supp. 448 (1976)
Gerald CLOCK, Plaintiff,
v.
MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, Defendant,
v.
Stanley L. CRAWFORD, d/b/a, etc., Third-Party Defendant.
No. 75-218C(4).
United States District Court, E. D. Missouri, E. D.
February 3, 1976.
Strauss, Friedman & Sanders, St. Louis, Mo., for plaintiff.
Robert C. Ely, St. Louis, Mo., for defendant.

OPINION
NANGLE, District Judge.
Plaintiff Gerald Clock brought this action to recover the cost of goods which were allegedly converted by defendant Missouri-Kansas-Texas Railroad Company. By amended complaint, plaintiff added Stanley L. Crawford as defendant. Plaintiff also alleges that defendant Railroad breached its obligation to deliver *449 the goods. Prior to the filing of plaintiff's amended complaint, defendant Railroad filed a third-party complaint against Crawford, alleging that if the Railroad should be liable to plaintiff, third-party defendant would be liable to the Railroad to the extent of the liability to plaintiff. Crawford now being a defendant in this action, defendant Railroad's complaint is in fact a cross-claim and will be treated as such.
This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1. Plaintiff, Gerald Clock, is, and was at all times relevant herein, a citizen of the State of Indiana. Defendant, Missouri-Kansas-Texas Railroad Company ("Railroad") is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Texas. Defendant Stanley L. Crawford, is, and was at all times relevant herein, a citizen of the State of Oklahoma.
2. On January 14, 1975, Crawford sold two carloads of bulk ammonium nitrate fertilizer to Buford Cunningham and received two checks in payment therefor. On the same date, the goods were placed in the care and custody of defendant Railroad for shipment from Oklahoma to Eaton Agricultural Center in Indiana. Defendant Railroad issued bills of lading to cover the goods. The bills of lading were signed by Crawford. Both bills of lading specify on the top of each that they are

UNIFORM STRAIGHT BILL OF LADING

ORIGINAL  NOT NEGOTIABLE.
3. At the time of sale, Crawford knew that Cunningham was going to sell the goods to a third party. Soon after the sale to Cunningham, Cunningham did sell the goods to plaintiff for $30,195.12. At the time of this sale, plaintiff had no knowledge of any infirmities in title, or right to possession, by Cunningham.
4. On January 23, 1975, the bank notified Crawford that there were insufficient funds in Cunningham's account to cover the checks. Accordingly, they were returned to Crawford.
5. The goods were still in transit at this point. Crawford instructed the Railroad to hold the railroad cars containing the goods until further instructions from him. Defendant Railroad complied.
6. On February 3, 1975, Crawford certified to defendant Railroad that he was the true owner of the goods and he issued a reconsignment order on the goods, instructing that they be sent to Farmers Union Coop, instead of Eaton Agricultural Center. Defendant Railroad complied with these instructions.
7. Plaintiff furnished replacement goods to Eaton Agricultural Center of a like quantity and value, and acquired the right, title and interest of Eaton Agricultural Center to the goods, by reason of an assignment by Eaton Agricultural Center executed on February 10, 1975.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and of the parties. 28 U.S.C. § 1332.
The bills of lading involved herein are straight bills of lading. 49 U.S.C. §§ 82, 86. It is clear that "[a] straight bill can not be negotiated free from existing equities . . .". 49 U.S.C. § 109. While not negotiable, straight bills are transferable. The transferee stands in the shoes of the transferor, acquiring no additional rights over those held by the transferor. See Arizona Feed v. Southern Pacific Transportation Co., 21 Ariz. App. 346, 519 P.2d 199 (1974); Southern Pacific Co. v. Agencia Joffroy, S.A., 65 Ariz. 65, 174 P.2d 278 (1946); Quality *450 Shingle Co. v. Old Oregon Lumber & Shingle Co., 110 Wash. 60, 187 P. 705 (1920); § 400.7-104, R.S.Mo. (1969).
A carrier may deliver goods to "[a] person lawfully entitled to the possession of the goods" or to the consignee. 49 U.S.C. § 89. The question for determination therefore is whether Crawford was lawfully entitled to possession of the goods. While it is true that title passes to a buyer when the seller completes his performance under the contract, § 400.2-401, R.S.Mo. (1969), it is equally true that
where the buyer . . . fails to make a payment due . . . the aggrieved seller may
(a) withhold delivery of such goods;
(b) stop delivery by any bailee . . .;
. . . . .
(d) resell and recover damages . . .
. . . . .
(f) cancel. § 400.2-703, R.S.Mo. (1969).
It is the Court's conclusion, therefore, that upon the failure of the checks presented by Cunningham to Crawford, Crawford was "lawfully entitled to the possession of the goods". Plaintiff, as transferee of a straight bill of lading, can not have any greater rights than did Cunningham, and can not have the status of a bona fide purchaser for value. Since Crawford was entitled to possession of the goods, defendant Railroad can not be liable for delivering the goods in accordance with Crawford's instructions. 49 U.S.C. § 89, Turner Lumber & Investment Co. v. Chicago, R.I. &. P. Ry. Co., 223 Mo.App. 564, 16 S.W.2d 705 (1929).
The applicable provisions of the Commercial Code provide that
(1) Unless the bill of lading otherwise provides, the carrier may deliver the goods to a person or destination other than that stated in the bill or may otherwise dispose of the goods on instructions from
. . . . .
(b) the consignor on a nonnegotiable bill notwithstanding contrary instructions from the consignee . . § 400.7-303, R.S.Mo. (1969).
Under the facts established herein, Crawford was the consignor, as Crawford was "the person from whom the goods have been received for shipment". § 400.7-102(c), R.S.Mo. (1969). Since the bills of lading were nonnegotiable, and defendant Railroad delivered the goods pursuant to the instructions of the consignor, there can be no liability. See Comments, § 400.7-303 and § 400.7-504(3), R.S.Mo. (1969).
Under 49 U.S.C. § 112, the authority of the shipper to stop shipment in transit and redirect it is well established. See Weyerhaeuser Timber Co. v. First National Bank of Portland, 150 Or. 172, 38 P.2d 48 (1934); Cashmere Fruit Growers' Union v. Great Northern Railway Co., 149 Wash. 319, 270 P. 1038 (1928), cert. denied, 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994; Quality Shingle Co. v. Old Oregon Lumber & Shingle Co., supra. The same right is recognized in the Commercial Code. See §§ 400.2-703 and 400.2-705. Accordingly there can be no recovery by plaintiff against Crawford.
Plaintiff has claimed that both the Railroad and Crawford converted the shipments in question to their own use. Conversion has been defined as ". . an unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owners' right". Carson Union May Stern Co. v. Pennsylvania Railroad Co., 421 S.W.2d 540 (Mo.App.1967) [emphasis in the original]. Having concluded that Crawford was lawfully entitled to possession of the goods, it is clear that recovery for conversion will not lie.
The cases cited by plaintiff are inapposite as they involve a bona fide purchaser for value. Under the authority of 49 U.S.C. § 81 et seq., there can not be such status where one is a transferee under a straight bill of lading. North American Van Lines, Inc. v. Heller, 371 F.2d 629 (5th Cir. 1967) is equally unavailing since the Court concludes that Crawford was lawfully entitled to possession.
*451 Accordingly, judgment will be for defendants Railroad and Crawford. Since plaintiff will not recover any damages from defendant Railroad, judgment will be for defendant Crawford on the Railroad's cross-claim.