**In re COAST TRADING COMPANY, INC., Debtor.**

**KERR PACIFIC MILLING CORP., Plaintiff,**

v.

**COAST TRADING COMPANY, INC., a Washington corporation; Columbia Grain Inc., an Oregon corporation; Continental Grain Co., a Delaware corporation; United Grain Corporation of Oregon, an Oregon corporation, Defendants.**

**UNITED GRAIN CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**DALLAS CO–OP, Third-Party Defendant.**

**Bankruptcy No. 382–00974.**

**Adv. No. 82–0334.**

United States Bankruptcy Court,
D. Oregon.

July 16, 1982.

P. Anne Klassner, Portland, Or., for debtor.

Robert A. Russell, Portland, Or., for United Grain.

Jess M. Glaeser, Portland, Or., for plaintiffs.

Gilbert Sussman, Portland, Or., for Oregon Bank.

Kevin Padrick, Portland, Or., for the Bank of Nova Scotia.

**FOLGER JOHNSON, Bankruptcy Judge.**

Plaintiff Kerr Pacific Milling Corp. agreed to sell 33,000 bushels of wheat to defendant Coast Trading Co., which agreement was confirmed in writing. Coast then sold part of it to Dallas Co-op which in turn sold it to United Grain. Coast then directed Kerr to deliver this portion of the contract directly to United Grain by Union Pacific Railroad. It was shipped on March 31 pursuant to a nonnegotiable straight bill of lading. United, in accordance with the custom of the trade, paid 90% of the purchase price to Dallas which in turn paid it to Coast, but Coast paid nothing to Kerr. The wheat was delivered to United Grain and unloaded from the rail car on April 5, and United paid the remaining 10% of the price to Dallas. The total price due Kerr was $13,289.12. Finding Coast was insolvent, Kerr made written demand upon Coast for reclamation of the wheat and sent a mailgram to United advising them of this.

The two banks which hold security agreements on the assets of the debtor are not parties to this proceeding, but it has been agreed that if the reclaiming seller is successful against the debtor, the banks can then be joined to determine whether their right to the wheat under the after acquired clause of the security agreements would give them priority over the seller.

It is admitted that Kerr made valid demand upon Coast to reclaim the wheat within 10 days after delivery as required by ORS 72.7020. If the actual delivery had been directly to Coast rather than to a third party, and if Coast had not resold it to a bona fide purchaser before receipt of the demand notice, Kerr should prevail over Coast and be entitled to the return of the grain or its equivalent. 11 U.S.C. § 546(c). Delivery was made, however, directly to United Grain, and the issue to be decided by this Court is whether or not the ultimate recipient of the wheat has the rights of a buyer in the ordinary course of business or

other good faith purchaser sufficient to cut off Kerr's right of reclamation.

According to the stipulated facts, 25% of the grain trade involves more than a two-party transaction. While the grain may be delivered directly to the ultimate purchaser, the bill of lading is delivered through the chain of buyers and sellers until it reaches the ultimate purchaser. Each buyer in turn is supposed to pay its seller a substantial portion of the contract price—here 90%—and the balance is to be paid as soon as the grain has been unloaded and found to meet the required standard. All four parties to this transaction are in the business of buying and selling grain.

A seller's right to reclaim is "subject to the rights of a buyer in the ordinary course or other good faith purchaser...." ORS 72.7020(3). United has the attributes of both. ORS 71.2010(9) defines a buyer in ordinary course of business as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights ... of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind...."

Without knowledge that Coast had not paid Kerr and that Kerr might be making a claim of reclamation, United pursuant to a preexisting contract of purchase, accepted delivery of the wheat and paid the balance of the purchase price to Dallas, its immediate seller. Even if Coast had only a voidable title it had the power to transfer good title to a good faith purchaser for value. ORS 72.4030.

Kerr tries to claim that United cannot be a good faith purchaser since the wheat was shipped to it on a nonnegotiable bill of lading. Where a party bases its right to goods solely upon its status as a transferee of a nonnegotiable bill of lading it takes the goods with the same rights as the transferor and is not a good faith purchaser. United took delivery through the bill of lading, but acquired the wheat as a purchaser under its contract with Dallas, not as a mere transferee of the bill of lading. While both federal and state stat-

utes deny the status of good faith purchaser while goods are being shipped on a straight bill of lading, such statutes are to regulate shipments in transit, and once the goods have been delivered and the bill of lading surrendered, the character of the bill of lading no longer governs the parties' rights in the goods.

Kerr relies on the cases of *Clock v. Missouri-Kansas-Texas Railroad Company,* 407 F.Supp. 448 (1976), and the memorandum decision of Bankruptcy Judge Henry L. Hess in *Summit Creek Plywood Co., Inc.,* 27 B.R. 209 (Bkrtcy.Or., 1981). Both of these, in holding for the plaintiff, involved the right to stop the goods in transit and are not persuasive in the present case.

If Kerr's position were to be upheld that a good faith purchaser for value cannot arise to defeat the rights of the seller where delivery is made by the original seller to the last buyer in a pre-delivery chain of transfers, it would create such uncertainty in the grain trade as to curtail transfer of goods other than by direct delivery from the buyer's immediate seller. To make three separate deliveries instead of one would be expensive and incompatible with modern grain trading. Once delivery has been completed, however, the court might well apply the fiction of separate deliveries before reclamation. When United accepted delivery of the wheat and paid the full price, it was both a good faith purchaser for value and a buyer in the ordinary course and Kerr had lost its right to reclaim. Judgment is to be entered for defendants.